UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR TAGLE,<br><br>                       Plaintiff,<br>v.<br>STATE OF NEVADA et al.,<br><br>                       Defendants. | Case No. 2:15-cv-00216-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Police Intervention – ECF No. 67;<br>Mot. to Strike – ECF No. 77;<br>Mot. Remove Atty – ECF No. 78) |

This matter is before the court on Plaintiff Victor Tagle's Motion for Police/Sheriff's Intervention (ECF No. 67), Motion to Strike Reply (ECF No. 77), and Motion Remove Defendants Attorney (ECF No. 78). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, Responses (ECF Nos. 69, 79), and Replies (ECF Nos. 71, 82).

## **BACKGROUND**

Mr. Tagle is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 28); Order (ECF No. 58). On February 6, 2015, Tagle commenced this action by filing an IFP application and complaint. Upon review of his complaint, the court issued a Screening Order (ECF No. 3) allowing him to file an amended complaint to correct certain defects in his pleading, if he chose to do so. Mr. Tagle opted not to amend his complaint. Thus, the court entered an Order (ECF No. 6) stating that this action shall proceed on the portions of count I alleging an excessive force claim against Defendant Day and count III alleging a due process claim against Defendants Wikoff, Portillo, Calderwood, Martin, Palazzo, Bean, Groover, Williams, Palaloy, and Padilla.

The court also stayed the case to allow the parties an opportunity to settle their disputes

through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *See* Orders (ECF Nos. 6, 22, 46). However, the parties did not reach a settlement and the case was returned to the normal litigation track. *See* Mins. of Proceedings (ECF Nos. 42, 53); Status Report (ECF No. 55). The court therefore entered an Order (ECF No. 58) directing electronic service of the Complaint (ECF No. 4) on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. On April 29, 2016, the Attorney General accepted service on behalf of Defendants Joshua Padilla, Christopher Day, Amy Calderwood, Homer Palalay, Manuel Portillo, Joshua Wikoff, Kyle Groover, Sean Williams, Jeremy Bean, Bruce Martin, and NDOC (the "NDOC Defendants"). *See* Notice Acceptance of Service (ECF No. 61). Service was not accepted for Defendant Lawrence Panozzo, which prompted the Attorney General to file Panozzo's last known address under seal as ordered. *See* Notice of Sealed Submission of Last Known Address (ECF No. 63); Sealed Submission of Last Known Address (ECF No. 62).[1]

On June 27, 2016, the NDOC Defendants filed a Motion to Dismiss and Motion for Summary Judgment (ECF No. 73), which is pending before the district court judge. Accordingly, the NDOC Defendants have not filed an answer.

## **DISCUSSION**

As a preliminary matter, the court notes that parts of Mr. Tagle's motions are almost unreadable because his handwriting is illegible. The court will therefore summarize the motions to the best of its ability. Tagle is advised to make sure that his filings are written clearly and legibly so that his positions are fully understood.

**I.    MOTION FOR POLICE/SHERIFF'S INTERVENTION (ECF NO. 67)**

In this motion, Tagle asks the court for an order directing the police or sheriff to intervene on his behalf, or in the alternative, to remove him from NDOC's custody and place him in federal custody. He cites several Nevada statutes as authority for his request. *See* NRS 209.281, 209.291,

---

[1] The Attorney General recently filed a Motion to Dismiss (ECF No. 99) Defendant Lawrence Panozzo based on Tagle's failure to effect service under Rule 4(m) of the Federal Rules of Civil Procedure.

2

209.293, 209.351, 209.391. However, these statutes address the NDOC's authority to make custody arrangements with other agencies. They do not give this court jurisdiction to issue an order regarding the custody of a state prisoner. Additionally, the Ninth Circuit has found that inmates in state custody have no right to transfer to federal prison. *See, e.g.*, *Van Smith v. Franklin*, 286 F. App'x 373, 374 (9th Cir. 2008) (rejecting a California inmate's assertion that he should have been transferred to a federal prison) (unpublished). The motion is denied.

II. **MOTION TO STRIKE AND REMOVE DEFENDANTS' ATTORNEY (ECF NOS. 77, 78)**

In these motions, Tagle requests that the court strike the NDOC Defendants' Reply (ECF No. 76) in support of their Motion to Dismiss (ECF No. 73). However, he provides no legal authority or argument to support this request. Mr. Tagle also asks the court to remove the NDOC Defendants' counsel, Deputy Attorney General Isaac Rowe, from this case due to his "unorthodox way of litigation." Mots. at 2. He asserts that counsel is "unreliable" and "dishonest." *Id*. at 5. The court will not take the extraordinary measure of removing the NDOC Defendants' chosen counsel based on Tagle's dislike or distrust of him, or belief that his litigation tactics are "unorthodox." These motions are denied.

Accordingly,

**IT IS ORDERED:** Plaintiff Victor Tagle's Motion for Police/Sheriff's Intervention (ECF No. 67), Motion to Strike Reply (ECF No. 77), and Motion Remove Defendants Attorney (ECF No. 78) are DENIED.

Dated this 25th day of October, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3