UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR TAGLE,<br><br>                 Plaintiff,<br>   v.<br>STATE OF NEVADA et al.,<br><br>                Defendants. | Case No. 2:15-cv-00216-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Request File – ECF No. 88;<br>Mot. Case Info. – ECF No. 89) |

This matter is before the court on Plaintiff Victor Tagle's Motion to Request File, Acknowledge Punishment of the Fraud Perpetrators Committed on Plaintiff's Cases (ECF No. 88), and Motion for Case Information (ECF No. 89). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The court has considered the Motions, Responses (ECF Nos. 98, 102), and Reply (ECF No. ).

**BACKGROUND**

Mr. Tagle is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC"). Since 2003, he has filed seven habeas actions and 26 civil rights actions in the District of Nevada, 18 of which are open and active.[1] In this case, Tagle has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 28); Order (ECF No. 58). On February 6, 2015, Tagle commenced this action by filing an IFP application and complaint. Upon review of his complaint, the court issued an Order (ECF No. 6) stating that this action shall proceed on the portions of count I alleging an excessive force claim against Defendant Day and count III alleging a due process

---

[1] *See* Case Nos. 2:15-cv-00623-APG-GWF; 2:15-cv-01402-JAD-VCF; 2:15-cv-02032-APG-PAL; 2:15-cv-02082-JCM-VCF; 2:15-cv-02143-RFB-CWH; 2:15-cv-02506-APG-VCF; 2:16-cv-00709-GMN-NJK; 2:16-cv-00755-APG-PAL; 2:16-cv-00757-JCM-PAL; 2:16-cv-00850-JAD-GWF; 2:16-cv-00851-RFB-GWF; 2:16-cv-00852-JAD-VCF; 3:16-cv-00148-MMD-WGC; 3:16-cv-00222-RCJ-VPC; 3:16-cv-00223-RCJ-VPC; 3:16-cv-00489-RCJ-VPC; 3:16-cv-00608-MMD-VPC.

1

claim against Defendants Wikoff, Portillo, Calderwood, Martin, Palazzo, Bean, Groover, Williams, Palaloy, and Padilla.

**DISCUSSION**

As a preliminary matter, the court notes that parts of Mr. Tagle's motions are almost unreadable because his handwriting is illegible. The court will therefore summarize the motions to the best of its ability. Tagle is advised to make sure that his filings are written clearly and legibly so that his positions are fully understood.

**I.   MOTION TO REQUEST FILE, ACKNOWLEDGE PUNISHMENT OF THE FRAUD PERPETRATORS COMMITTED ON PLAINTIFF'S CASES (ECF NO. 88)**

Mr. Tagle filed this motion in this case and three others, Case Nos. 2:15-cv-00623-APG-GWF, 2:15-cv-02082-JCM-VCF, and 2:15-cv-01402-JAD-VCF. The motions are duplicate requests for relief. The court has previously informed Tagle that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to a lawsuit. *See Tagle v. Clark County*, 2:15-cv-00881-JCM-PAL, Nov. 3, 2015 Order (ECF No. 63). Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).

Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run. Mr. Tagle is again warned that continued motion practice requesting relief that has already been denied, filing duplicative motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed.

In this motion, Tagle asserts that the prison librarian, Paula Simmons, and a library clerk tried to deceive him into signing documents, which they claimed would release him from prison, without letting him review the documents. He states that he never requested help from the prison library staff, and no motion was ever filed on this issue. Thus, he asks the court to discipline such fraud and abuse. Mr. Tagle provides no factual support or legal authority for his request. The motion is denied.

## II.    MOTION FOR CASE INFORMATION (ECF NO. 89)

Mr. Tagle filed the Motion for Case Information in this case and six others, Case Nos. 2:13-cv-01832-JCM-CWH; 2:16-cv-00045-RCJ-VCF; 3:13-cv-00264-MMD-VPC; 3:13-cv-00318-HDM-WGC; 2:16-cv-00082-APG-GWF; 2:15-cv-2146-GMN-PAL.[2] Notably, the other six cases are all habeas actions and each is closed. As explained above, these are duplicate requests for relief, and continued filing of duplicative motions may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed.

In this motion, Tagle repeats his contention that the prison librarian tried to deceive him into signing documents. He takes issue with, among other things, being "represented" by the prison librarian on the court's docket. Mr. Tagle is misinterpreting the docket sheet. The Honorable Andrew P. Gordon, United States District Court Judge, recently explained this in an order denying this motion in another case:

> Petitioner's concern that he is being "represented" by the institution and/or librarian is unfounded. The NNCC librarian is listed in the represented by or counsel section of the docket sheet solely because that placement on the docket sheet is necessary to enable the electronic docketing system to send notices of electronic filing to the NNCC law library. The NNCC librarian is not representing petitioner. Nor are the respondents in this action or his custodians representing him.
>
> If petitioner wishes to receive his legal mail, he must sign for it. That holds true both for physical mailings sent from the Court to other prison law libraries and for notices of electronic filing sent from the Court to the NNCC law librarian. Either way, the inmate must sign for his mail. If he refuses to sign for his mail and his delays for taking action expire, he has no basis for relief in that regard.
>
> The foregoing is not a procedure as to which petitioner can opt either in or out.

---

[2] Case No. 2:15-cv-2146 is not one of Mr. Tagle's cases. He may have meant to refer to Case No. 2:15-cv-00214-GMN-PAL, which is one of his habeas actions but was closed on September 22, 2016.

3

> Court mailings to prisoners at NNCC are sent electronically to the prison law librarian. Prisoners must sign for their mail if they wish to see it. If they refuse to sign for it, all applicable delays continue to run notwithstanding their refusal to sign for the mail.

*See Tagle v. Dep't of Homeland Security*, Case No. 2:16-cv-00082-APG-GWF, Order (ECF No. 9). Mr. Tagle's motion lacks merit. The motion is denied.

Accordingly,

**IT IS ORDERED:** Plaintiff Victor Tagle's Motion to Request File, Acknowledge Punishment of the Fraud Perpetrators Committed on Plaintiff's Cases (ECF No. 88), and Motion for Case Information (ECF No. 89) are DENIED.

Dated this 26th day of October, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE