1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

7

* * *

8

| | |
|---|---|
| VICTOR TAGLE, | Case No. 2:15cv-00216-JCM-PAL |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

9
10
11
12
13

14          Presently before the court is a motion to dismiss filed by defendants State of Nevada,

15   Nevada Department of Corrections, Joshua Pidilla, Christopher Day, Amy Calderwood, Homer

16   Palalay, Manuel Portillo, Joshua Wikoff, Kyle Groover, Sean Williams, Bruce Martin, and Jeremy

17   Bean.  (ECF No. 73).  *Pro se* plaintiff Victor Tagle filed a response (ECF No. 75), to which

18   defendants replied (ECF No. 76).

19   **I.      Facts**

20          This is a civil rights action under 42 U.S.C. § 1983, arising from events that took place

21   while plaintiff was incarcerated at High Desert State Prison ("HDSP").  At all times relevant to

22   this action, plaintiff was in the custody of the Nevada Department of Corrections ("NDOC").

23          On July 8, 2015, the court ordered that pursuant to its screening order (ECF No. 3), the

24   action "shall proceed on the portion of count I, alleging excessive force, against defendant Day

25   and count III, alleging due process, against defendants Wikoff, Portillo, Calderwood, Martin,

26   Palazzo, Bean, Groover, Williams, Palaloy, and Padilla."  (ECF No. 6).

27          In the instant motion, defendants move for dismissal or summary disposition of the

28   complaint pursuant to Federal Rules of Civil Procedure 12(b) and 56 based on plaintiff's failure to

1   exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA").

2   (ECF No. 73).

3       As an initial matter, "an unenumerated motion under Rule 12(b) is not the appropriate

4   procedural device for pretrial determination of whether administrative remedies have been

5   exhausted under the PLRA." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing 42 U.S.C.

6   § 1997e(a)).  Rather, "[t]o the extent evidence in the record permits, the appropriate device is a

7   motion for summary judgment under Rule 56." *Id.*  Accordingly, the court construes the instant

8   motion as a motion for summary judgment under Rule 56. [1]

9   **II.    Legal Standard**

10      The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

12  show that "there is no genuine dispute as to any material fact and the movant is entitled to a

13  judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is

14  "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317,

15  323–24 (1986).

16      For purposes of summary judgment, disputed factual issues should be construed in favor

17  of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be

18  entitled to a denial of summary judgment, the non-moving party must "set forth specific facts

19  showing that there is a genuine issue for trial." *Id.*

20      In determining summary judgment, a court applies a burden-shifting analysis.  "When the

21  party moving for summary judgment would bear the burden of proof at trial, it must come forward

22  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at

23  trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine

24  issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests.,*

25  *Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

26      By contrast, when the non-moving party bears the burden of proving the claim or defense,

27

28      [1]  Further, defendants' instant motion is titled as "Defendants' motion to dismiss and motion for summary judgment." (ECF No. 73 at 1).  Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose.

1      the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

2      element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

3      to make a showing sufficient to establish an element essential to that party's case on which that

4      party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving

5      party fails to meet its initial burden, summary judgment must be denied and the court need not

6      consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–

7      60 (1970).

8          If the moving party satisfies its initial burden, the burden then shifts to the opposing party

9      to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

10     *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the

11     opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient

12     that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

13     versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

14     631 (9th Cir. 1987).

15          In other words, the nonmoving party cannot avoid summary judgment by relying solely on

16     conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

17     1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

18     pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

19     for trial. *See Celotex*, 477 U.S. at 324.

20          At summary judgment, a court's function is not to weigh the evidence and determine the

21     truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*,

22     *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable

23     inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is

24     merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at

25     249–50.

26     **III.**     **Discussion**

27          In the instant motion, defendants argue that plaintiff's claims are barred for failure to

28     exhaust under the PLRA. (ECF No. 73 at 4). In particular, defendants assert that plaintiff's

1   grievance regarding defendant Day's alleged excessive force never went beyond the informal

2   level.  (ECF No. 73 at 6).  Defendants further claim that plaintiff never filed any grievances

3   regarding the disciplinary hearing that allegedly violated his due process rights.  (ECF No. 73 at

4   7).  Thus, as defendants contend, plaintiff failed to properly exhaust his excessive force and due

5   process claims, mandating dismissal.  (ECF No. 73).

6          Pursuant to the PLRA, inmates must exhaust all available administrative remedies prior to

7   filing "any suit challenging prison conditions," including, but not limited to, suits under § 1983.

8   *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also* 42 U.S.C. § 1997e(a).  "An inmate is required

9   to exhaust only *available* remedies."  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing

10  *Booth v. Churner*, 532 U.S. 731, 736 (2001); *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir.

11  2005)).  "To be available, a remedy must be available 'as a practical matter'; it must be 'capable

12  of use; at hand.'"  *Id.* (citation omitted).  While the exhaustion requirement is mandatory regardless

13  of the relief sought, the available remedies need not be "plain, speedy, and effective."  *See Booth*,

14  532 U.S. at 741.

15         Non-exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense, for which the

16  defendant bears the ultimate burden of proof.  *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, (2007); *Wyatt*

17  *v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  More specifically, "the defendant's burden is to

18  prove that there was an available administrative remedy, and that the prisoner did not exhaust that

19  available remedy."  *Albino*, 747 F.3d at 1172.  Thereafter, the burden shifts to the prisoner to set

20  forth evidence showing that "there is something in his particular case that made the existing and

21  generally available administrative remedies effectively unavailable to him."  *Id.*

22         "Proper exhaustion demands compliance with an agency's deadlines and other critical

23  procedural rules."  *Woodford*, 548 U.S. at 90.  In Nevada, an inmate satisfies the administrative

24  exhaustion requirement by following the procedures set forth in NDOC Administrative Regulation

25  ("AR") 740, which governs the inmate grievance process.  (ECF No. 73-1).

26         Under AR 740, the inmate grievance process consists of three levels: (1) informal level,

27  generally decided by an inmate's caseworker; (2) first level, generally decided by the warden; and

28  (3) second level, generally decided by a deputy director, the offender management administrator,

1  or the medical director.  (ECF No. 73-1 at 8–10).  To proceed to the next grievance level, an inmate

2  must file an appeal within five (5) days of receiving the response.  (ECF No. 73-1 at 8–9).  Further,

3  failure to timely file a grievance form or an appeal constitutes abandonment of the inmate's right

4  to pursue resolution of that claim through the inmate grievance process.  (ECF No. 73-1)

5         As to plaintiff's excessive force claim against defendant Day, defendants argue that

6  plaintiff failed to file any grievances beyond the informal level and failed to timely file any appeal

7  regarding the determination of his informal grievance, thereby abandoning the grievance.  (ECF

8  No. 73 at 6).

9         In response, plaintiff asserts that he immediately submitted a 2nd-level grievance upon

10  receiving the response from J. Howell on November 26, 2014, denying his 1st-level grievance.

11  (ECF No. 75 at 5, 10).  More specifically, plaintiff argues that "AR 740 allows [him] to agree 'or'

12  disagree, so [he] submitted to 2nd-level."  (ECF No. 75 at 5).  Plaintiff maintains that he has yet

13  to receive a response regarding his 2nd-level grievance.  (ECF No. 75 at 5).

14         The November 26th response from J. Howell, however, was not a response denying

15  plaintiff's 1st-level grievance, but a memorandum setting forth the reason for the return of

16  plaintiff's 1st-level grievance.  (*See* ECF No. 75 at 11).  In particular, the memorandum states that

17  plaintiff's 1st-level grievance constituted an abuse of the inmate grievance procedure—

18  specifically, "[a]ny language, writing or illustration deemed to be obscene, profane or derogatory."

19  (*See* ECF No. 75 at 11).  The memorandum provides that plaintiff may resubmit his grievance after

20  curing the underlying deficiency and cautions that failure to timely resubmit constitutes

21  abandonment.  (ECF No. 75 at 11).

22         Plaintiff acknowledges that his grievance was incomplete, but argues that it was incomplete

23  because "NDOC has been removing [his] document at their convenience."  (ECF No. 75 at 5).

24  Even assuming that NDOC did remove his document, plaintiff's grievance was returned because

25  it contained "language, writing or illustration deemed to be obscene, profane or derogatory," not

26  because it was incomplete.  (*See* ECF No. 75 at 11).

27         In light of the foregoing, the court finds that the option to resubmit the 1st-level grievance

28  after curing the underlying deficiency set forth in the November 26th memorandum, which

1  plaintiff signed, was a remedy available to plaintiff and plaintiff did not exhaust that available

2  remedy.  Accordingly, the court will grant defendants' motion to dismiss as to plaintiff's excessive

3  force claim against defendant Day for failure to exhaust.

4  As to plaintiff's due process claim against defendants Wikoff, Portillo, Calderwood,

5  Martin, Palazzo, Bean, Groover, Williams, Palaloy, and Padilla, defendants argue that plaintiff

6  failed to file any grievances regarding the disciplinary hearing that allegedly violated plaintiff's

7  due process rights.  (ECF No. 73 at 7).

8  In response, plaintiff argues that he has made numerous grievances, which have been either

9  lost, destroyed, or have gone unanswered.  (ECF No. 75 at 14).

10  While the available remedies need not be "plain, speedy, and effective," plaintiff must set

11  forth some evidence showing that "there is something in his particular case that made the existing

12  and generally available administrative remedies effectively unavailable to him."  *Booth*, 532 U.S.

13  at 741; *Albino*, 747 F.3d at 1172.  Here, plaintiff fails to specify or list any grievances that he filed

14  regarding the disciplinary hearing.  (ECF No. 75).  While the Ninth Circuit has held that a remedy

15  is unavailable if the inmate did not have access to the necessary grievance forms within the prison's

16  time limits for filing a grievance, plaintiff dose not allege any such circumstances as related to the

17  disciplinary hearing.  *See Marella v. Terhune*, 568 F.3d 1024, 1027–28 (9th Cir. 2009).

18  Based on the foregoing, the court will grant defendants' motion to dismiss as to plaintiff's

19  due process claim.

20  **IV.   Conclusion**

21  Accordingly,

22  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to

23  dismiss (ECF No. 73) be, and the same hereby is, GRANTED.

24  IT IS FURTHER ORDERED that plaintiff's motion for review and ruling (ECF No. 85)

25  be, and the same hereby is, DENIED as moot.

26  IT IS FURTHER ORDERED that defendants' motion to dismiss defendant Panozzo (ECF

27  No. 99) be, and the same hereby is, DENIED as moot.

28  / / /

1    IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 116) plaintiff's

2    sur-replies (ECF Nos. 109, 115) be, and the same hereby is, DENIED as moot.

3        DATED THIS 23rd day of January, 2017.

4

5    _____
     JAMES C. MAHAN
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28